UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE L. SMITH,

    Plaintiff,

v.                                                        Case No. 3:15cv236/LC/CJK

SERGEANT BERCH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint and prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed without prejudice pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Section 1915(g), a provision of the *in forma pauperis* statute, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants

dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's complaint was submitted to prison officials for mailing on May 20, 2015, and was docketed on May 26, 2015. (Doc. 1). Plaintiff is subject to the three-strikes bar of § 1915(g), having had at least three prior civil actions dismissed on the ground that they were malicious. *See Smith v. Berch*, No. 3:15cv156/MCR/CJK, 2015 WL 2372930 (N.D. Fla. May 18, 2015) (dismissing as malicious plaintiff's § 1983 civil rights action filed while plaintiff was incarcerated); *Smith v. Berch*, No. 3:15cv97/LC/CJK, Docs. 4-6, (N.D. Fla. Apr. 28, 2015) (same); *Smith v. Berch*, No. 3:14cv39/LC/CJK, 2014 WL 537557 (N.D. Fla. Feb. 11, 2014) (same).[1] Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*.

Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury. Plaintiff, who is currently confined at Union Correctional

---

[1] All of these cases may be positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections inmate number, DC#J00082, and because plaintiff disclosed them in his complaint. (Doc. 1, p. 6 and continuation page).

*Case No: 3:15cv236/LC/CJK*

Institution, alleges that defendants Berch and Paggot violated his rights under the Eighth Amendment on June 19, 2013, when they allegedly assaulted plaintiff for no penological purpose while plaintiff was confined at Santa Rosa Correctional Institution. Plaintiff's allegations concern, at most, past danger of injury from two particular officers at plaintiff's prior institution. Such allegations are insufficient to invoke § 1915(g)'s "imminent danger" exception. *Medberry v. Butler*, 183 F.3d 1189, 1192-93 (11th Cir. 2004) (holding that prisoner failed to show he was in imminent danger of serious physical injury from being placed in general population at prison where he was housed when he filed complaint, because he was transferred to another facility after filing the complaint). Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th C<small>IR</small>. R. 3-1; 28 U.S.C. § 636.